Juan S. Marchán, demandante y apelante, *v.* José Pedro, Delfina Josefa Antonia y Manuel Eguen Otazabal, herederos de Adolfo Graciano Eguen Otazabal, demandados y apelados.

No. 5595.—*Sometido:* Marzo 16, 1931. *Resuelto:* Marzo 31, 1931.

*R. Díaz Collazo,* abogado del apelante; *Largé & Acevedo,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El demandante en este caso, Doctor Juan S. Marchán, apeló de la sentencia dictada por la corte de distrito de San Juan en un pleito por él seguido contra la sucesión de Don Adolfo Graciano Eguen Otazabal en cobro de honorarios profesionales. La apelación se presentó en 13 de junio de 1930. El apelante pidió la transcripción de evidencia, la que se hizo y quedó aprobada en 29 de diciembre de 1930, y fué elevada a este tribunal en 28 de enero de 1931. La transcripción es un tomo de 683 páginas, y aun hay una adicional de 12 páginas.

No se ha presentado la transcripción del récord; y el apelante ha solicitado diversas prórrogas para hacerlo, fundándose en que el taquígrafo no la ha podido terminar; la última prórroga que aparece concedida por este tribunal expiró el 14 de marzo de 1931; y en marzo 9, 1931, pidió el apelante una prórroga de 30 días para la preparación y radicación de alegato, que le fué concedida; y en 13 de los mismos mes y año, una de treinta días para la radicación de transcripción del récord, fundándose en que el abogado del apelante ha intentado preparar esa transcripción de acuerdo con los abogados de la parte apelada, que se negaron a ello; que los gastos de la transcripción montan a $50 aproximadamente, y que el apelante reside en Manatí; que el abogado del apelante tiene imperiosa necesidad de ir a los Estados Unidos continentales por un término de veinte días, y se embarca el 14 de marzo de 1931. Esta petición no ha sido provista.

██ La parte apelada ha presentado moción para que desestimemos la apelación, fundándose en que no ha sido presentada la transcripción del récord, y han transcurrido

más de treinta días de la aprobación de la de la evidencia; que la Ley 81 de 1919 dispone que se eleve a este tribunal, sin demora el récord completo dentro de ese término; que no se han entregado al Secretario de la corte de distrito la certificación de los documentos que componen el legajo de sentencia, ni los derechos que importa la misma; y que la apelación no está perfeccionada, y las prórrogas concedidas son nulas.

El artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 81 de 1919, en la parte necesaria dice así:

"Constituirá el récord de una apelación la certificación que libran el secretario del tribunal *a quo,* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente. Será deber del apelante entregar al secretario dicha certificación autorizada por los abogados de las partes, o solicitar la misma de aquél, y dicho funcionario elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación. El récord de apelación deberá ser archivado en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado el pliego de excepciones, sin que la demora del Secretario perjudique a la apelación con la constancia de haberse notificado a los abogados de las partes apeladas, con copia literal de la misma, certificada por el abogado del apelante. En el caso de haberse aprobado una transcripción de la evidencia, el término se contará desde la aprobación de la misma, y la constancia mencionada se limitará a la entrega de la parte restante del legajo de la sentencia."

Sin que pueda caber duda en cuanto al texto legal, la transcripción de autos se forma con la de la evidencia, o la exposición del caso, y el legajo de sentencia. No es dudoso que no es misión del taquígrafo de la corte la copia de los documentos que constituyen el legajo de sentencia, cuya autenticación indudablemente y por mandato de la ley toca al secretario de la corte, o a los abogados de las partes. Si

cualquiera de éstas encarga o pide al taquígrafo tal copia, de su mayor o menor diligencia, y facilidades para despacharla, responde la parte misma.

La transcripción del récord según el articulado de la ley, es una y única. El presentarla fraccionada no puede tenerse como cumplimiento del precepto legal, y esto es lo que ocurre en este caso.

Han transcurrido, con exceso, los noventa días desde que se presentó la apelación en este caso. De acuerdo con la regla 60 de este tribunal, cuando el apelante deje de cumplir los deberes o requisitos que se le imponen por la ley o el reglamento, puede el tribunal desestimar la apelación, de oficio, o a instancia de parte.

El apelante no puede sostener que ha presentado la transcripción del récord, como la define la ley.

*Se desestima esta apelación.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison disintieron.*

### EN RECONSIDERACION
#### Abril 30, 1931

A nuestra resolución del 31 de marzo de 1930, desestimando la apelación, se ha presentado solicitud para que reconsideremos.

Es frecuente el caso de que los peticionarios en reconsideración, insistan en argumentar sobre extremos ya resueltos, sin presentar algo nuevo, que quizá hubiera escapado al estudio y consideración del tribunal al resolver. Sobre estos extremos basta lo que en la resolución de que se trata fué dicho a su tiempo.

Nada hay en nuestra resolución que tienda a limitar las facultades y derechos de este tribunal; ni que justifique esa creencia. El tribunal conoce perfectamente sus facultades, y en la concesión de prórrogas va hasta donde le es posible en cuanto a tolerancia.

Los hechos en este caso indican un olvido de algunas

---

* NOTA: Véase el prefacio.

reglas elementales en cuanto a la tramitación de la apelación. Nada hay en la ley ni en el reglamento del tribunal que permita presentar fraccionada la transcripción del récord; y nada que indique que es el taquígrafo de la corte el funcionario que ha de preparar el legajo de sentencia; la parte que encarga al taquígrafo de tal misión, lo hace a su riesgo.

El reglamento de este tribunal, en su artículo 58, no dice lo que la parte peticionaria pretende, citando el texto en parte:

"Si la copia de los autos, no fuere presentada dentro del término prescrito, puede desestimarse la apelación al hacerse una moción en tal sentido previa notificación de la misma. Si la copia de los autos ha sido presentada a la fecha en que se haga tal notificación, este hecho constituirá una contestación eficaz a la referida moción, aun en el caso de que dicha copia no se hubiere presentado dentro del término prescrito."

Hecha una moción para desestimar, el tribunal puede decretar la desestimación; si la copia de los autos se presenta antes de verse la moción, ello sería una contestación eficaz, lo que no priva al tribunal de resolver lo que estime más justo.

Aquí la moción para desestimar se presentó el 27 de febrero de 1931; la parte apelante, lejos de presentar la transcripción, pidió en 14 de marzo siguiente, esto es, unos quince días después de notificada de tal moción, una nueva prórroga para tal presentación, cuando ya la tenía en su poder, y aun entonces necesitaba, según expresó, treinta días más, para que la certificara el secretario. Y se oyó la moción en 16 de marzo sin que se presentara la transcripción; si se hubiera presentado podría invocarse el artículo 58 del reglamento que ahora se nos recuerda.

Esto no obstante, y prescindiendo de la tenacidad con que se nos alega un derecho que no existe, teniendo en cuenta que se ha presentado una transcripción de evidencia de cerca de 700 páginas; que la parte apelada no ha querido, según lo que se alegó, subscribir la certificación del legajo del récord;

y que la falta ha procedido de una errónea, aunque no confesada, interpretación de la ley, usaremos de nuestra discreción para abrir esta apelación, y conceder a la apelante un único término de diez días para presentar el legajo y que se una a la transcripción de evidencia.